UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   Case No: 8:21-cr-23-SCB-SPF

ALASHA BALDWIN
_____/

**O R D E R**

Before the Court is a letter from Defendant dated September 22, 2022, which is construed as a motion to reduce sentence. (Doc. 124). As explained below, the motion is denied.

By way of background, Rakeem Moore robbed four gas station convenience stores at gunpoint in December 2020. (Doc. 60, p. 18). Defendant was Moore's girlfriend and the getaway driver for three of the armed robberies. (*Id.*, p. 18). Moore and Defendant were indicted the following month and charged with several crimes related to the robberies. (Doc. 1). A superseding indictment issued in April 2021 (Doc. 42).

On September 17, 2021, Defendant pleaded guilty, pursuant to a plea agreement with a sentence appeal waiver, to conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a), (b). (Docs. 60, 66). Thereafter, tThe U.S. Probation Office completed a presentence investigative report ("PSR")

recommending, among other things, that Defendant receive a two-level enhancement under U.S.S.G. § 2B3.1(b)(4)(B) based on Moore's conduct of "physically restraining" the actions of the store clerks by pointing a firearm at them and demanding the money in the cash register.[1] (Doc. 89, ¶¶ 52, 60, 68). Defendant objected to the two-level enhancement. (*Id*., pp. 24-25). On December 16, 2021, the Court sustained Defendant's objection to the two-level enhancement, granted Defendant's motion for a downward variance, and sentenced Defendant to forty-one months of imprisonment. (Docs. 94, 95). Defendant did not appeal.

On January 21, 2022, Defendant voluntarily surrendered to Alderson Federal Prison Camp ("FPC"), a minimum-security facility for female offenders located in West Virginia, to begin serving her sentence. (Doc. 100, p. 2). Defendant remains at Alderson FPC to date and has a projected release date of December 4, 2024.

In her instant motion, Defendant informs the Court that she has completed seven First Step Act credits since arriving at Alderson FPC and currently is participating in the Residential Drug Abuse Program ("RDAP"). Defendant asks the Court to "drop" the two-level sentence enhancement she received under U.S.S.G. § 2B3.1(b)(4)(B) because she was informed that it "may" render her ineligible to receive a sentence reduction upon completion of the RDAP.

---

[1] Section 2B3.1 provides a base offense level of 20 for robbery, and for an increase of 2 levels "if any person was physically restrained to facilitate commission of the offense." U.S.S.G. § 2B3.1(a), (b)(4)(B).

2

Upon consideration, the motion is **DENIED**. Defendant fails to demonstrate a factual or legal basis for reducing or modifying her sentence based on the two-level enhancement for a specific offense characteristic that she did not challenge on appeal and does not contend was applied incorrectly. Moreover, absent a statute or rule authorizing a modification or reduction in sentence on that basis, the Court lacks authority to do so. *See United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015) (a district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule."). Nor is there any legal basis for "removing" or "dropping" a sentence enhancement from a PSR after judgment has been entered and a defendant has not appealed the application of the enhancement. *See, e.g., Brecht v. Abrahamson*, 507 U.S. 619, 633 (1993) ("a presumption of finality and legality attaches to [a criminal] conviction and sentence" when direct appellate review closes); *United States v. Frady*, 456 U.S. 152, 166 (1982) (recognizing the government's interest in the finality of its criminal judgments).

The Court also has considered whether Defendant's motion could be construed as seeking relief under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or Rule 60. Defendant's motion is not properly construed as seeking relief under § 2255 because she does not contend that her sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to

impose such sentence, or the sentence exceeded the maximum authorized by law. *See* 28 U.S.C. § 2255. Even had Defendant challenged the legality of her sentence given the two-level enhancement, she would be procedurally barred from raising the claim because she did not it on direct appeal. *See Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). Defendant's motion is not properly construed as seeking relief under § 2241 because she does not allege that the BOP denied her a reduction in sentence or miscalculated her sentence or credits. *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) (challenges to the execution of a sentence are properly brought under § 2241). Lastly, Defendant's motion cannot be construed as seeking relief under Rule 60, Fed. R. Civ. P., because that rule does not apply in a post-judgment motion in a criminal case.

      **DONE** and **ORDERED** at Tampa, Florida, this 7th day of October 2022.

*[signature]*

SUSAN C. BUCKLEW
United States District Judge

Copies to:
*Pro se* Defendant, Alasha Baldwin